## IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

IN RE: 2014 ALLEGHENY COUNTY
INVESTIGATING GRAND JURY

PETITION OF: WPXI, INC.

: No. 158 WAL 2018
:
:
: Petition for Allowance of Appeal from
: the Order of the Superior Court

## <u>ORDER</u>

**PER CURIAM**

     **AND NOW**, this 29th day of August, 2018, the Petition for Allowance of Appeal is

**GRANTED**.  The issues, as stated by petitioner, with the third issue modified slightly, are:

(1)     Did the Superior Court err in holding that a search warrant, and the related order by the Court of Common Pleas that issued the warrant, constituted judicial records, but not public judicial records, and therefore were not subject to the common law right of access established by the Supreme Court in *PG Publishing Co. v. Com.,* 614 A.2d 1106 (Pa. 1992), which held that executed search warrants are public judicial records presumptively accessible by the news media as representatives of the public − although the warrant was already executed upon a public school district official, in a matter of public importance and neither the executed warrant nor the order of court had been placed under seal− simply because the warrant was related to a matter subject to an investigating grand jury?

(2)     Is it error for the Superior Court to hold that an executed search warrant and a related Order of the Court of Common Pleas, which have not been placed under seal, are not publicly accessible simply because the warrant was related to a matter subject to an investigating grant jury, when that holding conflicts with the search warrant rules of the Pennsylvania Rules of Criminal Procedure?

(3)     Does the First Amendment to the United States Constitution provide a presumptive right of public access to an executed search warrant and related order by the Court of Common Pleas in a matter of public importance, when neither the executed warrant nor the order of court

had been placed under seal, and the warrant was related to a matter subject to an investigating grand jury?

(4)    Was it error, under the First Amendment to the United States Constitution, the Pennsylvania Constitution, and common law principles governing the right of access to public judicial records, for the Court of Common Pleas to expressly refuse to make case-specific findings openly on the record as to any compelling governmental interests or public and private interests that would outweigh the right of access, when the Court of Common Pleas denied the news media access to an executed search warrant and related order by the issuing court, neither of which were under seal, in a matter of public importance?